UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ANWAR IQBAL,                              )
                                          )
                Plaintiff,                )
                                          )
                                          )  No. 09 C 1382
        v.                                )
                                          )  Senior U. S. District Court Judge
B&R OIL COMPANY, INC.,                    )  George W. Lindberg
                                          )
                                          )
                Defendant.                )

**MEMORANDUM OPINION & ORDER**

On March 4, 2009, plaintiff Anwar Iqbal filed this action against defendant B&R Oil Company, Inc., seeking money damages and a preliminary injunction based on defendant's alleged violations of the parties' Commission Marketer Agreement ("CMA"). Plaintiff included a jury demand in her complaint. Defendant has moved to strike plaintiff's jury demand.

On May 28, 2006, plaintiff and BP Products North America Inc. ("BP") entered into the CMA and a Commission Marketer Lease Agreement ("Lease"). Under the CMA, plaintiff operated a gas station and sold motor fuel for BP. In 2008, defendant acquired all service stations owned by BP, including the station operated by plaintiff, and assumed BP's contractual rights and obligations under the CMA and Lease. Defendant argues that plaintiff waived any right she might have had to a jury trial by executing the CMA. The CMA provides, in relevant part, that "[e]ach party irrevocably waives trial by jury in any action, proceeding or counterclaim, whether at law or in equity, brought by either party." The Lease contains an identical provision. Plaintiff denies knowingly waiving any rights she might have to a jury trial by signing the CMA or Lease.

The Seventh Amendment to the United States Constitution guarantees the right to a jury trial in civil cases. U.S. Const. amend. VII. Nevertheless, parties may contractually waive their right to a jury trial. *IFC Credit Corp. V. United Bus. & Indus. Fed. Credit Union*, 512 F.3d 989, 993 (7th Cir. 2008); *AEL Fin. LLC v. City Auto Parts of Durham, Inc.*, No. 08-CV-3490, 2009 WL 2778078, at *3 (N.D. Ill. Aug. 31, 2009); *Bonfield v. AAMCO Transmissions, Inc.*, 717 F. Supp 589, 594 (N.D. Ill. 1989). In *Bonfield v. AAMCO Transmissions, Inc.*, the plaintiff and the defendant entered into a commercial franchise agreement. 717 F. Supp. at 590-591. The plaintiff brought suit against the defendant, alleging violations in connection with the purchase of the defendant's franchise, and requested a jury in his complaint. *Id.* at 594. The defendant asserted that the plaintiff waived his right to a jury when he signed the franchise agreement containing a jury-trial-waiver provision. *Id.* The court recognized that contractual waivers of jury trials are valid in the context of commercial business relationships. *Id.* at 595. The *Bonfield* court struck the plaintiff's jury demand after concluding that the plaintiff knowingly and intelligently waived his right to a jury trial. *Id.* at 596.

*Bonfield* is dispositive. Like *Bonfield*, the applicable provisions of the CMA and Lease are unambiguous. Plaintiff generally asserts that she did not knowingly waive her right to a jury trial, but has not attempted to establish that she did not knowingly sign the agreements containing the jury trial waiver. *See IFC Credit Corp.*, 512 F.3d at 993 (rejecting case law from other circuits requiring a knowing and intelligent waiver in light of Federal Rule of Civil Procedure 38's provisions for the waiver of a jury trial resulting from the simple omission of a jury demand from a complaint or answer). Parties are free to sign legal documents without reading them;

09 C 1382

however, a party to an agreement may not subsequently assert immunity from its contractual provisions based upon its avoidance of learning the risks apparent on the face of the document. *Fed. Trade Comm'n v. IFC Credit Corp.*, 543 F. Supp. 2d 925, 949 (N.D. Ill. 2008). Allowing plaintiff to simultaneously escape the jury-trial-waiver provision and maintain an action based on alleged violations of CMA provisions would make the certainty and predictability that written contracts are intended to insure largely unattainable. *See id.* Therefore, the court grants defendant's motion to strike plaintiff's jury demand.

ORDERED: Defendant B&R Oil Company, Inc.'s motion to strike plaintiff Anwar Iqbal's jury demand [32] is granted.

ENTER:

_____
GEORGE W. LINDBERG
Senior U.S. District Judge

DATED: October 26, 2009